14 30 16 14 30 29 Nancy Woods in her own right as representative of all similarly situated Lucas Metropolitan Housing Authority section 8 housing choice voucher program participants at all calling fuller versus Lenny Willis personally and in her official capacity as executive director of the Lucas Metropolitan Housing Authority oral argument not to exceed 15 minutes for Cleary for the defendant appellant cross-appley thank you good morning I'm Tim Cleary I represent primarily the executive director of the Lucas Metropolitan Housing Authority Lenny Willis this case didn't start out just against Lenny Willis there were serving some time for yes I'm sorry reserving three minutes thank you this case did not start out against Lenny Willis it was a class action characterized and brought against Lenny Willis and two of her employees and it was brought by three plaintiffs those three plaintiffs stated each of them eight causes of action against each of three defendants 24 causes of action there were 11 remedies requested there were a class action of similarly situated suppose 3,000 additional claimants ultimately the determination was that one very very small part of one plaintiff's case was adjudicated in her favor this case is about prevailing party in a circumstance in which only a very limited number of all of the say prevailing party or would you not even say that I have argued that very clearly this case on behalf of Miss Fuller was never a prevailing party she commenced her case and within a month of the commencement of the case we entered into a stipulation in which we said she may remain in her unit she has her voucher her child does not have to be removed it was a mistake in the paperwork essentially had to sue you to get the agreement that you entered into so at least with respect to the stipulated agreement she prevailed in that sense did she not absolutely yes it just seems like it seems like kind of a waste of time to argue about whether she prevailed the extent is a different question so if I could just stay on that line for just a second I'm trying to figure out whether she gained anything in the final permanent injunction beyond which she got in this stipulated agreement and the first question I have as to that is was this stipulated agreement in your mind temporarily limited in any way in other words was it intended to stay in place only until the end of the case absolutely not judge McTeague judge McKeague this is a permanent the judge said it was so why is he wrong about that he's wrong about that because of the language of the initial order that's why it's an order that's labeled preliminary injunction for the words preliminary yes but the order is very clear and provides that no further action will be taken of that nature enter a preliminary injunction that extends beyond the life of the lawsuit without some conversion of it to permanent I mean he just that's not what it is procedurally the motion the injunction motion was withdrawn an amended complaint was thereafter filed in which there was no request for an ultimately the court entered an order which was characterized as an injunction but it was so vague that it would never pass muster under I think what we're focusing in on is is if it simply said stipulated agreement that might be one thing but it says stipulated agreement for preliminary injunctive relief so does that by definition then temporarily limited so when at the end of the case when it becomes a permanent injunction she's arguably gained something what's the matter with that line of thought what's the matter with it is that it simply identifies what is stipulated between the parties to take place in the future it simply says that it's going to take place throughout and that they would be bound by doing so ultimately the judge's order simply says that the parties will be enjoined from doing what they did that I mentioned in my my decision which is as vague as you could possibly get no one could ever about the words re-evaluated that's also in the order that's preliminary then there's the word re-evaluated yes but they would never re-evaluate this the characterization of the fraud allegation in the paperwork yeah HUD requires that every person have an annual re-evaluation to require to determine that they still qualify for a voucher so they would be re-evaluated each year but this aspect of her fraud was simply concerned the information that she placed one year on the application which in terms of what this means don't you think the best interpreter of it is the author of it the same person who awarded the fees well I'm sure the parties could interpret it but no no the best person would be the judge oh certainly with when the judge came to issue his final order it doesn't speak to this at all the judge the point I'm making is the judge is the one who entered this preliminary injunction okay what we're talking about and it wouldn't that make him the best interpreter of it as opposed to three of us we know that matter you it was a stipulated order both parties agreed that was it perhaps your perhaps your perhaps your failure was to realize that you had not agreed to the ultimate relief in the case but I mean anybody who's ever dealt with procedural issues in a federal lawsuit knows that a preliminary injunction is just that preliminary and the plaintiff at the end of the day was entitled to leave with a permanent injunction she waived her damage claim but and she got it from the court not from you well what she got from the court was so vague that it was literally unenforceable the final order well you can argue that when you're when the contempt petition comes along if you don't comply with you know what you've agreed to and what the the standards of process require the stipulation is what was agreed upon and that is but the point is I don't know of anything that would suggest that she is rendered not a prevailing party by the vagueness of a permanent injunction well she it might it might have to do if you wanted to go to the district judge and say she didn't get very much because your order was so vague she really didn't have anything and so not only should she be considered not to have prevailed on the claims as to which there ultimately was not relief but she shouldn't really be considered to have prevailed on this order that you entered which is worthless judge I mean you could have made that argument I suspect that was not your lead in with the district court however no but that's exactly what the trial court found ultimately that the the ultimate essence of what she accomplished was not very meaningful at all certainly was not maybe what you want to be arguing is the extent of the oh absolutely the attorneys fees and the amounts well what what I'd like to argue is that it's certainly to bring before the court that there are really two important orders of the trial court in which the first order called for the moving party miss fuller to provide detailed statement of expenses and fees that arose and supported and were necessary to support the precise issue on which she prevailed their fees were supposed to be demonstrated to be exact and to be clear that's exactly what they chose not to do the moving party then simply again provided to the court with the court characterized as literally opaque statement of fees that were not limited to the precise issue on which the sole prevailing party issue was determined very simply they ignored what the court requested of them under this partial recovery case and created their own phase 1 phase 2 phase 3 statement to avoid that the real question here is what happened at the beginning how did the lawyers with three separate plaintiffs and three totally different cases not set up a system to later present the fees that related to each person's claim and in fact each sub claim of that though that particular plaintiff never set it up that way if I want you to assume for a moment that we disagree with you on whether she was a prevailing party and I want you to assume we disagree with you on whether she achieved a material alteration if that is the decision of this court it seems to me that you aren't that far away from your opposing counsel in connection with at that point it really would have to be remanded back would it not no point both complaining about different things no wrong and for the following reasons first the trial judge did that there's two opinions the first order was you guys submitted a whole bunch of stuff to me go back and do it again make it precise make it concise and limit it to that issue number two they didn't do it second order says they didn't do it but I'm gonna guess speculate and give them something anyway I mean so you agree that the district court inappropriately calculated the fee award and so if we disagree with you on the two points that judge McKeague mentioned then our only course would be to remand for a proper calculation of the fee award correct close but no thank you what's wrong with that wrong with that as you also have the power to say this is over the plaintiff Fuller was already given an opportunity by the trial court to submit concise billing limited to the concise issue in which you prevail and the point I assume we don't at this point find her billing statement to be so inadequate that that would be the right result do you then agree that the district court didn't take the proper steps to calculate the fee award you could give the district court some instructions and remanded but the moving party Fuller has already said the way we put together our fees in our system we can't do that we're not in a position to do that and that's reflected in the fee statement that they did that's a common way for a plaintiff's lawyer to go about record-keeping I mean you're suggesting that each piece of work that the lawyer did should have been connected to a particular claim or sub claim now you know that I don't think that would be a normal way of billing nor do I think that'd be customary I've seen judges require plaintiff's lawyers to go back and do their best effort to do that after the fact but I've never I don't think I've ever seen anyone suggest that it was inappropriate not to do that from the get-go well from the get-go the parties knew and certainly the lawyers representing Fuller and Woods who lost on a hundred percent of their cases their issues certainly knew at the outset they were going to have a problem or that you have a point by plaintiff but you know by claim and sub claim I don't know therein we have the the cases existed since what Hensley in 83 that if you have a partial recovery you're going to have to demonstrate what you dedicated to that partial and you have to reduce it by the items that you have that on which you didn't require it I'm just I was just questioning the idea that everybody would do that from the beginning well I think your time's up you'll have your rebuttal thank you morning your honors Stephen Dane on behalf of Ms. Fuller since I'm a cross appellant would it be possible for me to save a minute for rebuttal I don't know okay that's fine I think you could get said what you need to to okay and if you know we'll do what I wish I wish we'd address that on the front end but we didn't so okay I'm gonna spend most of my time obviously on Judge Carr's approach to our fee petition I did want to respond to the one question about the prevailing party thing because mr. Cleary continues to believe that because he voluntarily agreed to a preliminary injunction somehow we didn't prevail at all on behalf of Ms. Fuller you you have already observed that preliminary injunction is not done until it becomes permanent in this case that's exactly what happened let me ask you one question about that let's assume that that we agree with you that it was by nature preliminary and it became permanent do you claim that on behalf of that one client you actually gained anything more in the final order other than permanency in other words did whatever they were restrained from doing as to that one client change from what it was in the the beginning on a meaningful basis for her individually no because she was allowed to stay in the program with her son throughout the entire time that we were litigating she had lost the case entirely and that everything becomes dissolved but it never became a class action right it never did you got three people to lose all together so we're only talking about the one person that's that's true that is correct that relief became permanent but did it get any better than it was at the time of the stipulation it became permanent for her and it established a a precedent on this hearsay issue that certainly I assume the authority will and that that brings me actually to one of the main points I want to point out one of the unfair parts of the district courts decision particularly his is and it well both the decisions where he refers to Ms. Fuller's situation as isolated and and aberration only he says the record does not appear before me to have been a systemic defect in the problem this was very unfair to us we were never asked to present any evidence on the the whether this type of hearsay problem on which we prevailed was systemic throughout the system or had happened before you were never asked to I mean you you bring fee applications and you justify them I don't know what you mean by that he's that's your job that's not his why I have these thoughts let me run it by you first and then I'll justify the fee okay we did but we didn't think because it's not relevant it is not relevant to say how many other times this happened we were at the point where we were not it's not relevant to a fiat not not for what miss Lane the significance of the victory that's the whole debate here how significant or insignificant this well I don't understand the you weren't a notice of that it was never briefed by by anybody not by us by not by mr. Cleary it wasn't even raised by they don't respond to arguments you don't make and you don't get fees for arguments you don't make okay that's just all I'm saying then I'll go to my second point and that is that early in the case judge Carr said he didn't want to hear anything about class action issues at our we were we started right away on the discovery of the class issues we tried to find we attempted to develop a record of other situations for all of our clients not just for Miss Fuller but for all of them the judge had a sketch and it's all in our time records by the way if you really want to go through them that that time is in there we excluded it eventually from the fee petition because we didn't see class for certification but the point is we were working on it we have a scheduling order a conference on October 4 2010 judge Carr says he didn't want to deal with any of the class issues he wanted to deal with in abeyance this is record entry 30 his scheduling order well at that point we stopped working on developing a record so setting aside whether we could have said something we didn't even have the opportunity to fill it to make a record so you whether there were other you alleged in the beginning that it was systemic and you had no evidence whatsoever that it was systemic well the allegation was a class action on behalf of the entire informal due process procedure that the authority was using so we had impartial hearing officer have some rule 11 requirements here well yes I mean the the the advocates for basic legal equality represents section or section 8 and element 8 tenants all the time they saw a lot of these so assuming problems assuming you did your rule 11 due diligence before you filed this when you thought that you were unfairly restricted in showing judge Carr how magnificent this relief was did you ask for reconsideration of that and then make that argument we did not ask for reconsideration wasn't that your remedy not with judge Carr well yeah I mean we practice before just car and we know what he likes we know what he doesn't like and and quite frankly you know we were by the time we got to our second submission no the whole premise of appeals is that you ignore what the district court what you know the district court likes and doesn't like you would never preserve anything for air that was your we would never see you on appeal right because you just do what he likes and then you wouldn't complain oh that works yes let's say it'd be fair to say you met a judgment call under the circumstances that you'd rather talk to us about the issue than him again yes your honor thank you very much and and there's there's another there's another theme in in mr. Cleary's argument and perhaps in judge Carr's opinion that we somehow failed to follow his instructions well I think it's we made it pretty clear that we did not keep our time records by the name of the client you know or for that case either by the specific issue our time records we gave them all to the judge they're all there you can see how we kept our time records the briefing on the motion to dismiss summary judgment it was all a single brief are we in now the part of the argument that the amount he awarded is okay you're in the part of the argument you're defending what he did no I'm in the argument as to why he was unfair to us you want more okay but you're sort of responding to the argument mr. Cleary made about the way in which you kept your time records to is that that's right and and to judge Carr's opinion that he considered it an incomprehensible mess well I why did we present it to him in that I've just looked at the the order dealing with the summary judgment motions back in 2011 and the reason I looked at it is because the permanent injunction is drafted to refer back to it so really you have to get it to figure out exactly what relief the permanent injunction provided but when I looked at it I realized that a lot of the work in the case was done in connection with the summary judgment which related to all the plaintiffs in that was I presume one reason why sorting it out would have been extremely difficult yes well it couldn't be sorted out by individual well I mean you've had to do this pretty much you might arguably had to do some of the same work without regard to how many plaintiffs you were right if you if you could if you looked at this case as if ms. McCullough who got dismissed early and ms. Woods who got dismissed at the end of you if you took looked at this case as if they were not even there the number of hours we spent wouldn't be significantly different it would be somewhat less certainly the break it down so you weren't seeking fees as to plaintiffs who didn't get relief yes and and as to a class and all the other and your first bill for eight for two hundred eighty thousand dollars or whatever it was that was for all time that you spent for anything was it not sometime was reversed out was was was out of that it was for the whole case minus the claims that the the issues that for sure were solely for a lost plaintiff you're actually you could find you contend your actual total fees were can were higher though yes oh yes they were and billing judgment you know we had two three lawyers and stuff editing briefs we took those we took that time out the reason that I'm asking is it it does seem hard to believe from what we know what I know that you spent more than two hundred and eighty thousand dollars in fees on what you actually accomplished here even assuming one that what was preliminary became permanent and even assuming that there is some way to take into account you say this order as to her then affected other people not before the court in a case not certified as a class action so if I'm right about any of that assumption has this gone through mediation to see if there can't be some other way to yes and not in our court or in our court oh okay all right so our mediator has mediated this there's been an attempt to mediation okay thank you yeah um would you be willing to do it again sure we're yes I want to make sure I understand the circuit mediator contacted you all and made an effort to search to settle this case through our mediation I believe at both stages the initial appeal and the and the appeal on the fee issue pardon me we don't want to know we don't want to know why it didn't go forward but from we'll ask him when he comes back up would you be willing to to actually go through with it absolutely yeah okay yes yes it is worth thinking about I think of cases is so unfortunate being a judge because someone always leaves unhappy and what's amazing about judge unhappy that's I've just never seen a case like that but based on your body language and the way you talk you're both really angry well I'm gonna cite the housing authorities I'm gonna hide cite the housing authorities two briefs the district court was engaged in arbitrary unreasonable guesswork you know we think the same thing I know yes yes sometimes a pretty good clue to us he got it right well what else do I want to point out here I guess what I was going through him to use load star he didn't do it isn't that it yeah yeah but is there anything is there anything more we need yeah well you know is are you gonna send it back to him to do it again probably I mean not probably I really be in your interest not to have to be I don't know that I'd say you're angry but you were dissatisfied with the district courts result why don't you work with the mediator to try to see if you can get a result that's more acceptable to both of you because if we send you back you're like to vote like perhaps likely to remain equally unhappy yes but but I would say you know certainly we're willing to go through that but I would say that from the very beginning of this case and we have said this in our briefs there have been repeated attempts to get the entire case resolved and I would point out on the on the preliminary injunction versus permanent injunction issue if if the if the authority was so willing to to concede and cave in and agree with Miss Fuller why didn't they agree to just a permanent injunction for her at the time that the preliminary was entered well you know sometimes sometimes you can get something resolved if everybody can kind of put a put aside the baggage and for you the baggage would probably be you know some of that history and for mr. Cleary it'd probably be getting over this argument that she wasn't a prevailing party and figure out how y'all can read arrive at a fair resolution I may have I may have meddled too much but that's my that's my piece about if mr. Cleary we're don't talk about any further in front of us I mean y'all go talk to the media I'll get away from mr. Cleary we're we're colleagues and we're very courageous with each other if the court were to rule that my client were a prevailing party entitled to some fees then we're just talking about money it's a different dynamic it's a it's a different discussion before the mediator then there so you would like a ruling on that and that would facilitate mediation is the point you're making I'd like certainly a ruling on the prevailing party issue so that we're down to the issue of just what how much is reasonable for this case whether it happens with the mediator whether it gets sent back to the district court judge whether your law clerks want to read some attorney fee petitions and make an assessment I mean that's within your authority too but we do want another we don't count on that we don't do that well I think they think perhaps we have some choice about the matter but I think your time's better it is thank you your honor I'm mr. Cleary thank you very much what we don't like is the way that Fuller moved and the test that Fuller wants to advance this is not a one case of one person this is all the litigation that the housing authorities have around the country it's all about can you put three unrelated claims together call them a class action and lump all your fees together and then get to the end of the case when you have one small element that's been successful and you have to pay for all the fees on all the cases that's not the law that's what the plaintiff Fuller is advancing we'd like the court to say that's not the way to do it judge Carr got it right do you understand that if we find that they were a prevailing party and if we find and that seems fairly likely in terms of this permanent preliminary issue I'm not saying what the panel would rule I don't know what will rule but I think you can assume there's at least a reasonable chance of that and if you assume there was a material alteration of the relationship by virtue of the stipulation that then became permanent if we send it back for Lodestar a pure application of the Lodestar may end up with more fees than he's already ordered you to pay you understand that absolutely so why on earth wouldn't you mediate this one could mediate it but there's the point is Lodestar the only way for judge Carr to have correctly determined this in in a partial recovery case he gave the instruction because he wanted the fees limited and they refused a single case where the court sanctioned since Hensley the application at least initially of a different method than Lodestar well every partial success case is different because just look at the Tennessee case that just came down last week let's stay with my question not yours have you found a case since Hensley where there's a prevailing party and a material alteration where the court didn't at least make an effort to apply Lodestar they might have done something with the answer Lodestar produced at the end but they at least went through the Lodestar analysis I think that a simple question if you found a case or haven't you yes what case is that I think it just came down last week the United States of America versus Tennessee which is a partial recovery case where there were they were monitoring a fund and the court speaks to Lodestar it does it all but then it says no we're not even gonna we're not gonna give fees here why because it's a partial recovery and there's monitoring and we don't know about monitoring and whether that's appropriate to give them fees for that whole discussion but the it is February 10th other than 10 care it's a 10 care case right yeah other than that which were at least I think the two of us are not familiar with any other cases you found oh I could go all I could spend all day all the partial recovery cases at least mention that hard to say yes or no when you let when your lights red US Tennessee case they gave no fees that's right yeah so I don't think that's responding to judgment that's what we've asked for here oh I'm sorry and that awarded fees question I think we're into he's asking a question premised on the assumption that there was prevailing party status and now what do you do in terms of how you calculate it is I understand the question and he can tell me if it's not he's asking you do you know of a case where Lodestar is not approved as the primary or at least first line method of that's not the u.s. versus Tennessee case for what it's worth I can't give you a site for that okay all right you might you might think about that in terms of your approach on this case from after this morning on got that thank you my time is up I believe thank you okay thank you all both for your argument you'll consider the case we'll consider the case carefully I'm sure you've already considered it carefully we'll chat but I think you should not be surprised if you receive a call from the circuit mediator and probably armed with very strong interest on our part in having you talk about resolving these issues thank you